UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KAREY GALLERSON,

          Plaintiff,

   v.

BNSF RAILWAY COMPANY,

          Defendant.

CASE NO. C15-5821 BHS

ORDER REQUESTING ADDITIONAL BRIEFING

This matter comes before the Court on Defendant BNSF Railway Company's ("BNSF") motion to dismiss or stay (Dkt. 13). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby requests additional briefing as discussed herein.

**I. PROCEDURAL HISTORY**

On October 22, 2015, Plaintiff Karey Gallerson ("Gallerson") sued BNSF in Pierce County Superior Court. Dkt. 1 ¶ 1. Gallerson asserts claims for hostile work environment, disparate treatment, unlawful retaliation, and wrongful discharge under the Washington Law Against Discrimination ("WLAD"), RCW 49.60, *et seq*. Dkt. 1-2 ("Comp.") ¶¶ 6.1–6.4. Gallerson also alleges a claim for negligent infliction of emotional

ORDER - 1

distress ("NIED"). *Id.* ¶ 6.5. BNSF removed the case to this Court under 28 U.S.C. § 1332. Dkt. 1 ¶ 3.

On November 19, 2015, BNSF moved to dismiss or stay. Dkt. 13. On December 7, 2015, Gallerson responded. Dkt. 16. On December 11, 2015, BNSF replied. Dkt. 17.

## II. DISCUSSION

BNSF seeks to dismiss or stay Gallerson's claims, arguing his claims are preempted by the Railway Labor Act ("RLA"), 45 U.S.C. § 151, *et seq.* Dkt. 13. The RLA preempts state law claims that require the Court to interpret terms of a collective bargaining agreement ("CBA"). *See Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 253 (1994); *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 693 (9th Cir. 2001).

Gallerson claims BNSF discriminated and retaliated against him because of his previous discrimination suits. Comp. ¶¶ 5.2–5.3, 5.18. To support his claims, Gallerson alleges three types of adverse employment actions: (1) unfavorable work assignments; (2) hostile work environment; and (3) termination. *Id.* With respect to his termination, Gallerson alleges BNSF failed to comply with various procedural requirements of the CBA. *Id.* ¶¶ 5.17–5.18.

It appears that there is a dispute between the parties as to whether Gallerson's termination was consistent with the CBA's procedural requirements. It also appears that some of Gallerson's claims do not implicate the CBA. If the Court finds that the dispute regarding Gallerson's termination cannot be resolved without interpreting the CBA, should the Court allow that dispute to go to arbitration and stay the remaining claims in this Court or should the Court follow another procedure? BNSF briefly suggests this case

could be stayed pending arbitration, *see* Dkt. 13 at 12, but the parties did not thoroughly address this option.

The Court requests additional briefing on these issues. BNSF should file an opening brief by February 4, 2016. Gallerson should file a response by February 10, 2016. BNSF may file a reply by February 12, 2016.

### III. ORDER

Therefore, the Court requests additional briefing as discussed herein. BNSF's motion to dismiss or stay (Dkt. 13) is renoted to February 12, 2016.

Dated this 28th day of January, 2016.

BENJAMIN H. SETTLE
United States District Judge